UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTEL ARTIS,<br><br>                Petitioner,<br><br>    v.<br><br>WARDEN OF HIGH DESERT STATE PRISON,<br><br>                Respondent. | Case No. 2:25-cv-02190-ART-NJK<br><br>ORDER TO SHOW CAUSE |

*Pro se* Petitioner Martel Artis has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and a financial certificate. (ECF Nos. 1-1, 4.) This Court finds that good cause exists to grant Artis leave to proceed *in forma pauperis* ("IFP"). This matter comes before this Court for initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, this Court directs Artis to show cause why his Petition should not be dismissed without prejudice as wholly unexhausted.

**I.    BACKGROUND**[1]

Artis challenges a conviction and sentence imposed by the Eighth Judicial District Court ("state court") in case number C-24-385362-1. The state court entered a judgment of conviction on January 1, 2025, convicting Artis of conspiracy to commit robbery. Artis was sentenced to 14 to 48 months in prison.

**II.    DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/portal) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

1   allows courts to screen and dismiss petitions that are patently frivolous, vague,
2   conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v.*
3   *Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d
4   490, 491 (9th Cir. 1990) (collecting cases).

5       A claim remains unexhausted until the petitioner has given the highest
6   available state court the opportunity to consider the claim through direct appeal
7   or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–
8   45 (1999); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining
9   that the exhaustion requirement is "grounded in principles of comity; in a federal
10  system, the States should have the first opportunity to address and correct
11  alleged violations of state prisoner's federal rights"). To properly exhaust state
12  remedies on each claim, the habeas petitioner must "present the state courts with
13  the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270,
14  276 (1971). The federal constitutional implications of a claim, not just issues of
15  state law, must have been raised in the state court to achieve exhaustion. *Woods*
16  *v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d
17  993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and
18  federal legal theory upon which a claim is based). A federal court may not
19  entertain a habeas petition unless the petitioner has exhausted all available and
20  adequate state court remedies for *all* claims in his or her petition. *Rose v. Lundy*,
21  455 U.S. 509, 510 (1982).

22      Because it does not appear that Artis filed a direct appeal or state habeas
23  petition, he must show cause why his Petition, which appears to be wholly
24  unexhausted, should not be dismissed *without* prejudice. Notably, if this action
25  is dismissed without prejudice, Artis would be able to refile his Petition in a new
26  case before this Court after he has exhausted his state-court remedies, including,
27
28

for example, filing a state habeas petition in the Eighth Judicial District Court[2] and then appealing that decision to the Nevada appellate courts.[3]

Artis has also filed a motion for extension of time. (ECF No. 5.) It is unclear what extension of time Artis is seeking to extend, so the Court denies the motion. However, because Artis mentions filing a state habeas petition within this motion, meaning he potentially meant this motion to act as a request to stay this proceeding and treat his habeas petition as a protective petition, the Court notes that he may make this specific request within his response to this Order to Show Cause.[4]

## III.   CONCLUSION

It is therefore ordered that the motion to extend time (ECF No. 5) is denied.

It is further ordered that Artis show cause on or before January 19, 2026, unless more time is requested, why his Petition should not be dismissed without prejudice as wholly unexhausted. If Artis does not timely respond to this Order,

---

[2] The Court notes that "a petition that challenges the validity of a judgment of conviction or sentence must be filed within 1 year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the appellate court of competent jurisdiction . . . issues its remittitur." Nev. Rev. Stat. § 34.726(1).

[3] Artis remains responsible for calculating the running of the federal limitation period and timely presenting claims. The Court notes that the Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition. The 1-year limitation period begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final. The federal limitations period is tolled while a properly filed state habeas petition (or other collateral review with respect to the pertinent judgment) is pending, but no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a state habeas petition.

[4] The Court is authorized to stay an unexhausted petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court without losing his or her right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005) (explaining that a stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court).

the Petition will be dismissed without prejudice without further advance notice.

DATED THIS 29th day of December 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE